IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

RODNEY A. MESSIC,
    Petitioner,

v.

JEFF KRUEGER,
    Respondent.

Case No. 1:17-cv-01018-JES

## ORDER

Before the Court are the Petitioner, Rodney Messic's, *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (D. 1),[1] the Government's Response (D. 5), and the Petitioner's Reply (D. 6). For the reasons set forth below, the Petition is DENIED and this matter is terminated.

The Petitioner plead guilty to two counts of armed bank robbery, in violation of 18 U.S.C. §§ 2113(a), and two counts of possessing a firearm in relation to a crime of violence, in violation of 18 U.S.C. § 924(c), in the Southern District of Illinois. (D. 5-1 at pg. 13). The district court sentenced him to 499 months' imprisonment, consisting of two concurrent 115 month sentences for the bank robbery counts, and consecutive 84 month and 300 month sentences for the firearm counts. *Id*. at pg. 4. The Petitioner did not file a direct appeal and this is his first post-conviction filing. (D. 1 at pg. 10).

In January 2017, the Petitioner filed the instant Petition pursuant to 28 U.S.C. §2241. He claims that *Johnson v. United States*, 135 S. Ct. 2551 (2015), invalidates his firearms convictions

---

[1] Citations to the Docket in this case are abbreviated as "D. __."

1

under § 924(c). (D. 1 at pp. 11-21). In doing so, the Petitioner admits that he is barred from filing a motion pursuant to 28 U.S.C. § 2255 (*Id*. at pg. 5), but asserts that he is entitled to proceed under § 2241 because any § 2255 motion he would file would be untimely (*Id*. at pg. 11). The Government asserts in response that the Petitioner is, *inter alia*, ineligible to invoke the savings clause of § 2255(e)—which is required for him to file a petition under § 2241—and therefore his claim fails. (D. 5 at pp. 4-5).

A § 2255 motion is subject to a one-year limitation period. 28 U.S.C. § 2255(f). Federal prisoners can seek habeas corpus relief under the § 2255(e) savings clause only if they had "no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in [their] conviction or sentence because the law changed after [their] first 2255 motion." *In re Davenport*, 147 F. 3d 605, 611 (7th Cir. 1998). Trial courts lack jurisdiction to hear claims under § 2241 if a petitioner fails to demonstrate that a § 2255 motion is inadequate to test the legality of his detention. *Atehortua v. Kindt*, 951 F.2d 126, 129 (7th Cir. 1991).

In the case at bar, the Court lacks jurisdiction to hear the Petitioner's § 2241 Petition. He has failed to demonstrate that a § 2255 motion would be inadequate to test the legality of his detention. The Petitioner argues that he is entitled to proceed under § 2241 because any motion he would file under § 2255 would be untimely. (D. 1 at pg. 11). *Johnson* was decided on June 26, 2015. The Petitioner filed his Petition on January 17, 2017, well after June 26, 2016.

The Petitioner's failure to make his arguments in a timely § 2255 motion is not a sufficient basis to entitle him to relief under the savings clause. *Morales v. Bezy*, 499 F.3d 668, 672 (7th Cir. 2007) ("A prisoner cannot be permitted to lever his way into section 2241 by *making* his section 2255 remedy inadequate… .") (emphasis in original). The Petitioner concedes that his claim could have been advanced in a § 2255 motion. This makes it a legal

2

impossibility that a § 2255 motion was an inadequate or ineffective remedy for him. *Taylor v. Gilkey*, 314 F.3d 832, 835-36 (7th Cir. 2002); *Davenport*, 147 F. 3d at 609. As a result, this Court lacks jurisdiction to hear his claims. *Atehortua*, 951 F.2d at 129.

For the reasons stated above, the Petition (D. 1) is DENIED. This matter is now terminated.

*It is so ordered.*

Entered on March 7, 2018

    s/ James E. Shadid

James E. Shadid
Chief United States District Judge